UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WINE NOT, INTL.,

    Plaintiff,

v().                                                         CASE NO: 8:06-cv-117-T-23TGW

2atec, LLC, d/b/a ASPIRATIONS
WINERY, et al.,

    Defendants,

_____/

**ORDER**

    Wine Not International, Inc., ("the plaintiff") sues 2atec, LLC, Robert French, and Aspirations Winery, LLC, ("the defendants") for trademark infringement and unfair competition in violation of the Lanham Act. The plaintiff moves (Doc. 4) for preliminary injunction based on breaches of a franchise agreement and a non-competition agreement. The defendants move (Doc. 14) to dismiss the complaint, to strike the plaintiff's motion for preliminary injunction, and to compel arbitration.

    Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), a March 9, 2006, order (Doc. 24) referred the plaintiff's motion (Doc. 4) for preliminary injunction and the defendants' motions (Doc. 14) to the United States Magistrate Judge for a report and recommendation. Following the Magistrate Judge's May 18, 2006, report and recommendation (Doc. 34), no party objects to the report and the time for filing objections has expired. Accordingly, the Magistrate Judge's report and recommendation (Doc. 34) is **ADOPTED**.

Accordingly, the defendants' motion (Doc. 14) is **GRANTED IN PART** to the extent that the plaintiff shall arbitrate its claims against 2atec, LLC, and Robert French in accordance with the terms of the parties' agreement, but **DENIED IN PART** as to the defendants' request to dismiss the complaint and to strike the motion for preliminary injunction.

Conditioned upon the plaintiff's posting a good and sufficient bond of $11,000.00, the plaintiff's motion for preliminary injunction (Doc. 4) is **GRANTED** and the defendants, their officers, agents, employees, and any person in active concert or participation with the defendants who receives actual notice of this order, are **ENJOINED** from:

(a) using the plaintiff's marks, including the mark "WINE NOT™" or any confusingly similar trademark, service mark, logo or trade name;

(b) representing that any product made, offered for sale, sold, or distributed by any of the defendants (or that any service offered for sale, sold, advertised, or provided by any of the defendants) is authorized, endorsed by, or otherwise connected in any fashion to the plaintiff or any WINE NOT™ franchisee;

(c) owning, maintaining, engaging in, being employed by, or holding a financial interest in any business which is the same as, or reasonably similar to, the WINE NOT™franchise business operation. This restriction does not apply to Aspirations Winery, LLC, which is not a party to the restrictive covenants.  For Robert French, the geographic scope of this restriction is limited to the State of Florida and a twenty-five mile radius from any WINE NOT™ store.  For 2atec, LLC, the geographic scope of this

restriction is limited to a twenty-five mile radius from 5116 E. Fowler Avenue, Tampa, Florida or any WINE NOT™ store;

(d) diverting or attempting to divert (in any way) any customer of a WINE NOT™ store to any competitor; and,

(e) employing or seeking to employ or accept the services of any person who is employed (or who was employed from July 16, 2005, to December 16, 2005) by the plaintiff or any WINE NOT™ franchisee.

Within **thirty (30) days**, the defendants shall file with the court and serve upon the plaintiff's counsel an affidavit detailing the manner in which they have complied with this order.  This injunction shall remain in effect for 2atec, LLC, only until the plaintiff has had a reasonable opportunity to submit a request for preliminary injunction to the arbitrator and the arbitrator has made a determination on that request.  The same limitation applies to Robert French unless the arbitrator denies preliminary injunctive relief on the ground that Robert French is not subject to the arbitration provision.

The plaintiff's claims against 2atec, LLC, and Robert French are **STAYED** pending arbitration.  The claims against Aspirations Winery, LLC, shall continue pursuant to the April 27, 2006, case management order (Doc. 32).  Aspirations Winery, LLC, shall answer the complaint within **twenty (20) days**.

ORDERED in Tampa, Florida, on June 26, 2006.

_/s/ Steven D. Merryday_
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE